IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 02 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| CHARLENE Y. CAVER | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:21cv58 HSO-RPM |
| GRAND CASINOS OF BILOXI, LLC; JOHN AND JANE DOES A, B, C, & D | DEFENDANTS |

## NOTICE OF REMOVAL

Grand Casinos of Biloxi, LLC d/b/a/ Harrah's Gulf Coast ("Harrah's"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of removal of the civil action filed against it by the above-captioned Plaintiff in the Circuit Court of Harrison County, Mississippi (CV2020-193-2), to the United States District Court for the Southern District of Mississippi, Southern Division. In support of this Notice of Removal, Harrah's states as follows:

1. The Circuit Court of Harrison County, Mississippi is located within the Southern District of Mississippi, Southern Division.

2. In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings and orders received by Harrah's as of this date is attached to this Notice of Removal as Exhibit A.

3. In accordance with 28 U.S.C. § 1446(d), Plaintiff Charlene Y. Caver ("Plaintiff") is being served with a copy of this Notice of Removal. Additionally, a copy of this Notice of Removal is being filed with the Circuit Court of Harrison County, Mississippi.

4. By filing this Notice of Removal, Harrah's does not waive any defenses. Harrah's expressly reserves all available defenses, including but not limited to those defenses enumerated in Federal Rule of Civil Procedure 12(b).

5. This action was originally commenced by Plaintiff on January 27, 2021, through the filing of a Complaint in the Circuit Court of Harrison County, Mississippi, styled *Charlene Y. Caver v. Grand Casinos of Biloxi, LLC and John and Jane Does A, B, C, and D*, Civil Action No. A2402-2021-16. Harrah's was served on February 1, 2021.

6. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### DIVERSITY JURISDICTION

7. In accordance with 28 U.S.C. § 1332, all parties to this action are of diverse citizenship. The Complaint alleges that Plaintiff is an adult resident citizen of the State of Texas. *See* Exhibit A, Complaint at ¶ 1.

8. Harrah's is a limited liability company with a single member, Grand Casinos, Inc., which is a Minnesota corporation with its principal place of business in Nevada. Thus, for the purpose of diversity jurisdiction, Harrah's is a citizen of Minnesota and Nevada.

9. The citizenship of the unnamed fictitious defendants is disregarded for purposes of removal analysis when determining whether complete diversity exists. *See* 28 U.S.C. § 1441(b)(1). Allegations of unknown defendants are insufficient to destroy complete diversity. Thus, complete diversity of citizenship exists between Plaintiff and Defendants.

10. Though Harrah's denies that Plaintiff is entitled to any monetary relief whatsoever, in accordance with 28 U.S.C. § 1332, the amount in controversy requirement is satisfied. Indeed, as a result of her alleged fall at Harrah's, Plaintiff claims to have "suffered serious injuries, including but not limited to injuries to her middle/lower back that has required


medical treatment, pain management, and injections." *See* Complaint, ¶ 11. Shoe goes on to contend that she will continue to receive medical treatment for her alleged injuries and will continue to incur necessary medical expenses along with pain and suffering and emotional and mental anguish. *Id.* Plaintiff seeks to recover for her alleged (a) serious injuries; (b) pain and suffering; (c) past and future medical treatment and expenses; (d) emotional and mental anguish; (e) consequential economic loss; and (f) loss of enjoyment of life. *Id.* at ¶ 27. Although the Complaint does not specify the amount of damages sought, it is facially apparent from the allegations in the Complaint and the nature of the claims asserted under Mississippi law that the amount in controversy exceeds the threshold for diversity jurisdiction.

11. This Notice of Removal is timely filed pursuant to 28 U.S.C.§ 1441(b) because it is being filed within thirty (30) days of Harrah's receipt of the Summons and Complaint setting forth the claims for relief upon which this action is based.

12. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441(a) because this is the district and the division embracing the Harrison County Circuit Court, where this action is pending.

WHEREFORE, Grand Casinos of Biloxi, LLC files this Notice of Removal and removes this action to the United States District Court for the Southern District of Mississippi, Southern Division for further proceedings and disposition.

YOU ARE HEREBY NOTIFIED to proceed no further in state court proceedings previously pending in the Circuit Court of Harrison County, Mississippi.

Dated: March 2, 2021.

Respectfully submitted,

**GRAND CASINOS OF BILOXI, LLC**

By: _____
One of Its Attorneys

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
RANDI P. MUELLER (MS BAR NO. 100022)
P.O. Box 127
Biloxi, MS 39533-0127
Telephone: (228) 435-1198
rmueller@brunini.com

NORMAN E. "BENJE" BAILEY, JR. (MS BAR NO. 100053)
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 973-8709
bbailey@brunini.com

*Attorneys for Defendant,
Grand Casinos of Biloxi, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the foregoing document *via* the Court's ECF/CMC System which served a copy upon all counsel of record.

Dated: March 2, 2021.

_____
RANDI P. MUELLER