# **EXHIBIT A**

# Mississippi Electronic Courts
## Second Circuit Court District of Mississippi (Harrison Circuit Court - Biloxi)
### CIVIL DOCKET FOR CASE #: 24CI2:21-cv-00016

Caver v. Grand Casinos of Biloxi, LLC et al
Assigned to: Judge Lawrence P. Bourgeois, Jr

**Upcoming Settings:**

None Found

Date Filed: 01/27/2021
Current Days Pending: 34
Total Case Age: 34
Jury Demand: None
Nature of Suit: 181 Negligence - General

**Plaintiff**

**Charlene Y Caver**
4651 S. Custer Rd
#2106
McKinney, TX 75070

represented by **Corban Gunn**
CORBAN GUNN, PLLC
P.O. Box 1466
175 Lameuse Street, Suite C
BILOXI, MS 39533
228-284-6805
Fax: 228-285-6806
Email: corban@corbangunn.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Grand Casinos of Biloxi, LLC**
c/o Corporation Service Company
7716 Old Canton Road, Suite C
Madison, MS 39110

**Defendant**

**John and Jane Does A; B; C; and D**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/27/2021 | 1 | COMPLAINT against Grand Casinos of Biloxi, LLC, John and Jane Does A; B; C; and D, filed by Charlene Y Caver. (Attachments: # 1 Civil Cover Sheet,) (Marroy, Michele) (Entered: 01/27/2021) |
| 01/27/2021 | 2 | SUMMONS Issued to Grand Casinos of Biloxi, LLC. Returned original to attorney for service via OTC. (Marroy, Michele) (Entered: 01/27/2021) |
| 02/04/2021 | 4 | SUMMONS Returned Executed by Charlene Y Caver. Grand Casinos of Biloxi, LLC served on 2/1/2021, answer due 3/3/2021. Service type: Personal (Gunn, Corban) (Entered: 02/04/2021) |

**MEC Service Center**

| Transaction Receipt | | | |
|---|---|---|---|
| 03/02/2021 08:22:01 | | | |
| You will be charged $0.20 per page to view or print documents. | | | |
| MEC Login: | rm100022M | Client Code: | 99999 |
| Description: | Docket Report | Search Criteria: | 24CI2:21-cv-00016 |
| Billable Pages: | 1 | Cost: | 0.20 |

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLENE Y. CAVER     PLAINTIFF

VERSUS     CAUSE NO.: A2402-2021-16

GRAND CASINOS OF BILOXI, LLC;
AND JOHN AND JANE DOES A; B; C; AND D     DEFENDANTS

FILED JAN 27 2021
CONNIE LADNER
CIRCUIT CLERK
D.C.

## COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, by and through undersigned counsel, and files her Complaint against Defendants Grand Casinos of Biloxi, LLC and John and Jane Does A-D for negligence and other causes of action and in support thereof would show the Court as follows, to-wit:

### PARTIES

1. Plaintiff Charlene Y. Caver is an adult resident citizen of the state of Texas.

2. Defendant Grand Casinos of Biloxi, LLC is a foreign corporation licensed under the laws of Minnesota authorized to do business in the state of Mississippi. Defendant may be served with process on its registered agent for service of process Corporation Service Company located at 7716 Old Canton Road, Suite C, Madison, MS 39110 in the time and manner prescribed by law.

3. Defendants John and Jane Does A-D are individuals and/or entities whose real names and address is unknown to the Plaintiff at this time, but whose real names and addresses will be made part of this Complaint at such time as they do become known to the Plaintiff and their liability ascertained.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the Plaintiff is seeking more than the jurisdictional minimum of this Court.

5. This is the proper venue pursuant to Miss. Code Ann. Sec. 11-11-3 as a substantial event that caused the injury occurred in the Second Judicial District of Harrison County, Mississippi.

## FACTS AND CASUES OF ACTION

6. Plaintiff incorporates the above paragraphs as filly copied herein.

7. On or about February 27, 2020, Plaintiff was a business invitee of Defendant on its property in Biloxi, Mississippi. Plaintiff was a foreseeable and expected user of the property and premises.

8. On or about February 27, 2020, Plaintiff entered the women's restroom on the casino floor. Plaintiff entered the third stall on left. Plaintiff shut the stall door. As she turned, she slipped and fell as a result of water being present on the tile floor. As Plaintiff fell, her head struck the toilet paper dispenser and the middle / lower back struck the toilet. As a result, Plaintiff was seriously injured. The aftermath of Plaintiff's slip and fall was witnessed of other guest(s). No caution signs were present in the area of Plaintiff's slip and fall. No out of order signs were present on the subject restroom stall.

9. After she slip and fell, agents, representatives and/or employees of Defendant came to the scene to conduct investigation. One of Defendant's female security employees stated that the toilet was leaking and caused the water to be on the tile floor when conducting her investigation.

10. Plaintiff's injuries were a result of the subject incident. Plaintiff acted in a normal way and did not do anything to cause her injuries. Plaintiff's injuries occurred as a result of a malfunctioned and/or defective instrumentality on Defendant's premises and/or the failure of Defendant to properly inspect and maintain the premises.

11. As a direct and proximate result of the subject incident, Plaintiff suffered serious injuries, including but not limited to injuries to her middle / lower back that has required medical treatment, pain management, and injections. Plaintiff received and continues to receive medical treatment for

her injuries sustained in connection with the subject incident and has incurred and will continue to incur reasonable and necessary medical expenses along with pain and suffering and emotional and mental anguish.

12. At all times mentioned throughout this Complaint, the negligence or other outlined conduct of agents, representatives, and employees of Defendant, and each of them, is imputed to Defendant for which they are vicariously and/or jointly and severally libel. Further, at all times relevant hereto, Defendant's agents, representatives, and/or employees were acting within the course and scope of their employment and/or with and for Defendant and as such Defendant is vicariously and/or jointly and severally libel.

## NEGLIGENCE

13. Plaintiff incorporates the above paragraphs as if fully copied herein.

14. Defendant owned and operated the premises and controlled the activities contributing to Plaintiff's injuries.

15. Plaintiff would show that it is the duty of Defendant as owner and/or operator of the premises to use ordinary and reasonable care and diligence to protect its business invitees, including Plaintiff, from dangerous conditions which may potentially cause injury. Plaintiff would show that Defendant is responsible for the operation, inspection and maintenance of the premises, and in particular, to use ordinary and reasonable care and diligence in the inspection and maintenance of its restrooms and instrumentalities which caused the subject incident, to make sure said instrumentalities are properly working and free of defects and/or hazards and will not cause injuries such as those suffered by Plaintiff.

16. Defendant, as owner and/or operator, had a duty, by inspection and other affirmative act, to maintain its premises in such a manner as to be free from all defects and conditions which would

render Defendants' premises dangerous and unsafe for its invitees, including Plaintiff, and/or which would present unreasonable risk of harm to its invitees, including the Plaintiff, in her lawful and expected use of the premises, facilities and instrumentalities.

17. Plaintiff would further show that it was the duty to Defendant by inspection or other affirmative act, to exercise reasonable care to protect business invitees, such as the Plaintiff, from the dangers of reasonably foreseeable occurrences and injuries occurring as a result of dangerous conditions existing and located on Defendant's premises.

18. Plaintiff's injuries and damages were caused and/or contributed to as a proximate result of the breach of the above duties and/or one or more of the following negligent acts and/or omissions of Defendant:

   a. Negligently allowing and/or creating a dangerous condition and/or permitting a dangerous condition to remain on its premises;

   b. Negligently failing to adequately warn Plaintiff of dangerous condition(s);

   c. Negligently failing to eliminate and/or remediate hazards and unsafe and/or defective conditions of instrumentalities despite having actual and/or constructive knowledge of the hazards;

   d. Negligently supervising, maintaining and/or inspecting the subject restroom stall and/or toilet offered for use by its business invitees;

   e. Negligently failing to comply with appropriate standards and/or specifications;

   f. Negligently failing to use due care and the circumstances; and

   g. Other acts of negligence causing and/or contributing to the injuries and damages of the Plaintiff as will be shown at trial.

<u>**RES IPSA LOQUITOR**</u>

19. Plaintiff hereby incorporates the above paragraphs as if fully copied herein.

20. Defendant had exclusive control and management of the subject toilet in question, offered for use by business invitees on February 27, 2020.

21. The sudden occurrence of the Plaintiff slipping and falling as a result of the leaking toilet causing injury to Plaintiff was an event that, in the ordinary course of things, would not happen if Defendant, who was in control of said toilet, had used proper care.

22. The sudden occurrence was not due to any voluntary act on part of the Plaintiff;

23. The sudden occurrence of the defective and malfunctioned toilet caused the injuries to the Plaintiff.

## DAMAGES

24. Plaintiff incorporates the above paragraphs as if fully copied herein.

25. But for Defendant's negligence and other causes of action described in each of the preceding paragraphs, Plaintiff would not have suffered the injuries and damages complained herein. The negligent and other outlined conduct of the Defendant discussed herein above, was the proximate and/or contributing cause of the injuries and damages suffered by the Plaintiff.

26. As a direct and proximate result of the negligence and other conduct of the Defendant, Plaintiff sustained and suffered injuries and damages. Plaintiff received, and continues to receive, medical treatment for her injuries sustained in connection with the subject incident and has incurred and will continue to incur necessary and reasonable medical expenses. In addition to the medical expenses incurred, Plaintiff has endured and will continue to endure much pain and suffering as wells as emotional and mental anguish.

27. Plaintiff sustained and suffered numerous injuries and damages, including but not limited to: (a) Serious injuries; (b) Pain and suffering; (c) Past and Future Medical treatment and expenses;

(d) Emotional and mental anguish; (e) Consequential economic losses; (f) Loss of enjoyment of life.

28. As a direct and proximate result of Defendant's negligence, Plaintiff is entitled to and demands from Defendant the following damages: (a) Any and all damages set forth in the preceding paragraphs; (b) Actual damages; (c) Compensatory damages; (d) Pre and post-judgment interest in an amount allowed by law but not less than 8%; (e) Attorney's fees and costs of litigation; and (f) Any and all additional damages allowed by this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Complaint be received and filed, and that Defendant be summoned to answer this Complaint and further that upon a trial by jury of this cause, judgment be entered against Defendant, jointly and severally, for any and all actual and compensatory damages to which Plaintiff is entitled. Plaintiff further prays that she be rewarded pre and post-judgment interest; attorney's fees and costs of litigation; and such other general relief to which she may be entitled.

Respectfully submitted, this the 27th day of January, 2021.

CHARLENE Y. CAVER, Plaintiff

By: _____
CORBAN GUNN, (MSB #101752)

Corban Gunn, (MSB #101752)
CORBAN GUNN, PLLC
P.O. Box 1466
Biloxi, Mississippi 39533
Telephone: (228) 284-6805
Facsimile: (228) 284-6806
corban@corbangunn.com

| COVER SHEET<br>Civil Case Filing Form<br>(To be completed by Attorney/Party Prior to Filing of Pleading) | Court Identification<br>Docket Number<br>`2 4 2 C I`<br>County # / Judicial Court ID<br>District (CH, CI, CO)<br>`0 1 2 7 2 1`<br>Month / Date / Year<br>This area to be completed by clerk | Case Year<br>`2 0 2 1`<br>LPB | Docket Number<br>`0 0 0 1 6`<br>Local Docket ID |
|---|---|---|---|
| Mississippi Supreme Court<br>Administrative Office of Courts | Form AOC/01<br>(Revised 1/1/2001) | | Case Number if filed prior to 1/1/94 |

IN THE CIRCUIT COURT OF HARRISON COUNTY

Short Style of Case: Charlene Y. Caver vs. Grand Casinos of Biloxi, LLC; John and Jane Does A; B; C and D
Party Filing Initial Pleading: Type/Print Name CORBAN GUNN   MS Bar No. 101752
___ Check (✓) if Not an Attorney   ___ Check (✓) if Pro Hac Vice   Signature _____
Compensatory Damages Sought: $ 75,000+   Punitive Damages Sought: $ N/A

Is Child Support contemplated as an issue in this suit?   ___ Yes   ___ No   If "yes" is checked, please submit a completed Child Support Information Sheet with Final Decree/Judgment

PLAINTIFF - PARTY(IES) INITIALLY BRINGING SUIT SHOULD BE ENTERED FIRST (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL PLAINTIFFS ON SEPARATE FORM

Individual CAVER (Last Name) CHARLENE (First Name) ( ) (Maiden Name, if Applicable) Y (Middle Init.) ___ Jr/Sr/III/IV

Address of Plaintiff 4651 S. CUSTER RD #2106, McKINNEY, TX 75070

___ Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency _____
Business _____

___ Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A: _____

DEFENDANT - NAME OF DEFENDANT (FIRST NAME IN SHORT STYLE) - ENTER ADDITIONAL DEFENDANTS ON SEPARATE FORM

Individual _____ Last Name _____ First Name _____ ( ) Maiden Name, if Applicable _____ Middle Init. ___ Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A / Agency CORPORATION SERVICE COMPANY
Business GRABD CASINOS OF BILOXI, LLC

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:
D/B/A: _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar No. ___ or Name: _____ Pro Hac Vice (✓) ___
(if known)

| Nature of Suit (check one) | Secondary claims (check all) |
|---|---|
| **Business/Commercial**<br>☐ Accounting (Business)<br>☐ Bankruptcy<br>☐ Business Dissolution - Corporation<br>☐ Business Dissolution - Partnership<br>☐ Debt Collection<br>☐ Employment<br>☐ Examination of Debtor<br>☐ Execution<br>☐ Foreign Judgment<br>☐ Garnishment<br>☐ Pension<br>☐ Receivership<br>☐ Replevin<br>☐ Stockholder Suit<br>☐ Other<br>**Domestic Relations**<br>☐ Child Custody/Visitation<br>☐ Child Support<br>☐ Contempt<br>☐ Divorce: Fault<br>☐ Divorce: Irreconcilable Differences<br>☐ Domestic Abuse<br>☐ Emancipation<br>☐ Modification<br>☐ Paternity<br>☐ Property Division<br>☐ Separate Maintenance<br>☐ Termination of Parental Rights<br>☐ UIFSA (formerly URESA)<br>☐ Other<br>**Contract**<br>☐ Breach of Contract<br>☐ Installment Contract<br>☐ Insurance<br>☐ Product Liability under Contract<br>☐ Specific Performance<br>☐ Other | **Probate**<br>☐ Accounting (Probate)<br>☐ Birth Certificate Correction<br>☐ Commitment<br>☐ Conservatorship<br>☐ Guardianship<br>☐ Heirship<br>☐ Intestate Estate<br>☐ Minor's Settlement<br>☐ Muniment of Title<br>☐ Name Change<br>☐ Power of Attorney<br>☐ Testate Estate<br>☐ Will Contest<br>☐ Other<br>**Statutes/Rules**<br>☐ Bond Validation<br>☐ Civil Forfeiture<br>☐ Declaratory Judgment<br>☐ ERISA<br>☐ Eminent Domain<br>☐ Extraordinary Writ<br>☐ Federal Statutes<br>☐ Injunction or Restraining Order<br>☐ Municipal Annexation<br>☐ Racketeering (RICO)<br>☐ Railroad<br>☐ Seaman<br>☐ Other<br>**Appeals**<br>☐ Administrative Agency<br>☐ County Court<br>☐ Hardship Petition (Driver License)<br>☐ Justice Court<br>☐ MS Employmt Security Comm'n<br>☐ Municipal Court<br>☐ Oil & Gas Board<br>☐ Workers' Compensation<br>☐ Other | **Children and Minors - Non-Domestic**<br>☐ Adoption - Noncontested<br>☐ Consent to Abortion for Minor<br>☐ Removal of Minority<br>☐ Other<br>**Torts-Personal Injury**<br>☐ Bad Faith<br>☐ Fraud<br>☐ Loss of Consortium<br>☐ Malpractice - Legal<br>☐ Malpractice - Medical<br>✓ Negligence - General<br>☐ Negligence - Motor Vehicle<br>☐ Products Liability<br>☐ Wrongful Death<br>☐ Other<br>**Mass Tort**<br>☐ Asbestos<br>☐ Chemical Spill<br>☐ Dioxin<br>☐ Hand/Arm Vibration<br>☐ Hearing Loss<br>☐ Radioactive Materials<br>☐ Other<br>**Real Property**<br>☐ Adverse Possession<br>☐ Ejectment<br>☐ Eminent Domain<br>☐ Judicial Foreclosure<br>☐ Lien Assertion<br>☐ Partition<br>☐ Receiver Appointment<br>☐ Tax Sale: Confirmation/Cancellation<br>☐ Title, Boundary &/or Easement<br>☐ Other<br>**Civil Rights**<br>☐ Elections<br>☐ Habeas Corpus<br>☐ Post Conviction Relief<br>☐ Prisoner<br>☐ Other |

IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

CHARLENE Y. CAVER                                                                PLAINTIFF

VERSUS                                                        CAUSE NO.: A2402-2021-16

GRAND CASINOS BILOXI, LLC;
AND JOHN AND JANE DOES A; B; C AND D                          DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:   GRAND CASINOS OF BILOXI, LLC
      c/o Corporation Service Company
      7716 Old Canton Road, Ste C
      Madison, MS 39110

### NOTICE TO DEFENDANT(S)

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to **CORBAN GUNN, PLLC**, the attorney for the Plaintiff whose post office address is **P. O. Box 1466, Biloxi, MS 39533,** and whose street address is 175 Lameuse St., Suite C, Biloxi, MS 39530. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 27th day of January, 2021.

CIRCUIT CLERK OF
HARRISON COUNTY, MISSISSIPPI

BY: _____ D.C.

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

**CHARLENE Y. CAVER**  PLAINTIFF

**VERSUS**  CAUSE NO.: A2402-2021-16

**GRAND CASINOS BILOXI, LLC;**
**AND JOHN AND JANE DOES A; B; C AND D**  DEFENDANTS

### SUMMONS

**THE STATE OF MISSISSIPPI**

TO: GRAND CASINOS OF BILOXI, LLC
c/o Corporation Service Company
7716 Old Canton Road, Ste C
Madison, MS 39110

### NOTICE TO DEFENDANT(S)

**THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **CORBAN GUNN, PLLC**, the attorney for the Plaintiff whose post office address is **P. O. Box 1466, Biloxi, MS 39533,** and whose street address is 175 Lameuse St., Suite C, Biloxi, MS 39530. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 27th day of January, 2021.

CIRCUIT CLERK OF
HARRISON COUNTY, MISSISSIPPI

BY: _____ D.C.

## PROOF OF SERVICE

**GRAND CASINOS OF BILOXI, LLC**
Name of Person or Entity Served

    I, the undersigned process server, served the subpoena upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

__X__ **PERSONAL SERVICE.** I personally delivered copies to __Robbie Ken__, on the __1__ day of __Febry__, 2021, where I found said ~~person~~ in __Madison__, County of the State of __MS__.

____ **CERTIFIED MAIL SERVICE.** After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, _____. I served the summons via certified mail USPS on the ___ day of _____, 2021, at the usual place of abode of said person by mailing a true copy of the subpoena and complaint to _____. See attached return receipt.

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below: (Please print or type)

Name: __Gar A. Windham__
Address: __P.O. Box 97665__
         __Pearl, MS, 39288__
Telephone No: __601-613-2328__
State of __MS.__
County of __Rankin__

    Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named __Gar A. Windham__, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
Process Server

SWORN TO AND SUBSCRIBED TO ME, this __1__ day of __Febry__, 2021.

_____
NOTARY PUBLIC

(SEAL) My Commission Expires: _____